Randy Roberts, ID #17016400
Tom W. Sharp, ID #00791643
BLALACK & WILLIAMS, P.C.
4851 LBJ Freeway, Ste. 750
Dallas, TX 75244
214/630-1916; 214/630-1112 (fax)
Attorneys for American Airlines Federal Credit Union

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)

| | |
|---|---|
| IN RE: )<br>)<br>THERESA ANGELA WILLDEN )<br>   Debtor(s) )<br>) | CASE NO. 20-40117-elm13 |
| AMERICAN AIRLINES FEDERAL )<br>CREDIT UNION, )<br>   Plaintiff )<br>)<br>vs. )<br>)<br>THERESA ANGELA WILLDEN, )<br>   Defendant ) | ADVERSARY NO. _____ |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

AMERICAN AIRLINES FEDERAL CREDIT UNION, Plaintiff, files its Complaint to Determine

Dischargeability of a Debt, and would show the Court as follows:

## PRELIMINARY MATTERS

    1.1    This matter is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(I). This

Adversary Proceeding relates to the Chapter 13 Bankruptcy case filed by THERESA ANGELA

WILLDEN, Debtor and Defendant herein, under Case No. 20-40117-elm13, in the Northern District of Texas, Dallas Division. Plaintiff consents to the entry of final orders or Judgment by the Bankruptcy Judge if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or Judgment consistent with Article II of the United States Constitution.

1.2     Defendant filed her Bankruptcy case on or about January 7, 2020, under Chapter 13 of the United States Bankruptcy Code.

1.3     This Complaint addresses the non-dischargeability of a debt owed to Plaintiff and reflected in a Final Judgment entered by the 17th District Court of Tarrant County Texas on January 25, 2019 in Cause No. 017-297825-18 (the "Final Judgment"). A true and correct copy of that Final Judgment is attached hereto as Exhibit "A".

## FACTUAL BACKGROUND

2.1     Plaintiff is a federally chartered credit union with its principal place of business in Tarrant County Texas. Plaintiff provides various financial and banking services to eligible persons who apply for and qualify for membership. Among the services offered to its members are the availability of deposit accounts, including checking accounts and savings accounts.

2.2     THERESA ANGELA WILLDEN, Debtor and Defendant, was a member of Plaintiff credit union, and maintained deposit accounts. Defendant also was employed by Pavecon Ltd. ("Pavecon") or an affiliated company or division of Pavecon. In that capacity, Defendant had access to certain financial and accounting records of Pavecon. Defendant conceived and implemented a scheme to wrongfully obtain funds, and executed the scheme over a period of several months by generating fake invoices (using various names for the purported provider of materials or services), and processing the invoices for payment by Pavecon in the normal course of business. When checks

were issued for payment of the fake invoices (the "Pavecon checks"), Defendant diverted the checks

to her own use. Over a period of several months, Defendant deposited into her account, or accounts

of other family members, a number of Pavecon checks. (Specimen copies of some of the Pavecon

Checks are attached hereto as Exhibit "B".) The Pavecon checks had been obtained by Defendant

through fraudulent and illegal means and represented funds to which Plaintiff was not entitled.

      2.3     By depositing the Pavecon checks, Defendant implicitly warranted and represented

to Plaintiff that she was a rightful owner of the checks, that she was entitled to enforce each

instrument, and that each instrument was not subject to a defense or claim in recoupment by any

party that could be asserted against Defendant. In reliance upon such warranties and representations,

Plaintiff accepted the deposit of the checks and credited her account with funds equal to the face

amount of each check.

      2.4     In reality, the Pavecon checks were not intended for Defendant's benefit, and had

been obtained by Defendant improperly through her participation in a scheme to obtain the checks

and proceeds for her own personal benefit. Defendant had full knowledge of such facts at the time

she deposited each of the Pavecon checks into her account with Plaintiff.

      2.5     All of the Pavecon checks were obtained by Defendant and deposited into accounts

with Plaintiff as part of a continuing scheme to obtain proceeds through illegal and fraudulent means.

Defendant had actual knowledge that she was obtaining funds to which she was not entitled through

this scheme. Defendant acted knowingly, intentionally, and wilfully, and engaged in the scheme to

fraudulently and illegally obtain the proceeds from the Pavecon checks.

      2.6     Through its normal banking operations, Plaintiff relied upon the warranties and

representations made by Defendant, and without knowledge that Defendant was engaging in an

illegal and fraudulent scheme. As a result of Defendant's conduct, Plaintiff suffered monetary losses

consisting of the funds which were made available to Defendant for the deposited Pavecon checks. Plaintiff's loss was liquidated by the Final Judgment. By that Final Judgment, Defendant is indebted to Plaintiff in the amount of $49,000.00, plus interest at the rate of 5.00% per annum from January 25, 2019. That amount remains unpaid in its entirety.

## BASIS FOR RELIEF

3.1     The debt owed by Defendant to Plaintiff, as reflected in the Final Judgment is not dischargeable because it is a debt for money or property or an extension of credit obtained by false pretenses, a false representation, or actual fraud. 11 U.S.C. §523(a)(2)(A). In the alternative, such debt is not dischargeable because it is a debt incurred through fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. 11 U.S.C. §523(a)(4).

## RELIEF OF REQUESTED

4.1     Plaintiff requests that this Court determine that Defendant is indebted to Plaintiff by the Final Judgment, in the amount of $49,000.00 plus interest at 5.00% per annum from January 25, 2019 until paid, and that the Court determine that such debt is not dischargeable and must be excepted from Defendant's discharge.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, AMERICAN AIRLINES FEDERAL CREDIT UNION respectfully requests that Defendant be cited to appear and answer and that, upon final hearing, Plaintiff have Judgment excepting the debt described from discharge, in the amount of $49,000.00 plus interest at 5.00% per annum from January 25, 2019 until paid, as well as court costs and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BLALACK & WILLIAMS, P.C.
Attorneys for Plaintiff

BY:    /s/ Randy Roberts
        Randy Roberts, ID #17016400
        Tom W. Sharp, ID #00791643
        4851 LBJ Freeway, Ste. 750
        Dallas, TX 75244
        214/630-1916; 214/630-1112 (fax)

EXHIBIT "A"

017-297825-18

FILED
TARRANT COUNTY
1/23/2019 5:28 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 017-297825-18

| | | |
|---|---|---|
| FROST BANK, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICAN AIRLINES FEDERAL | § | |
| CREDIT UNION, | § | 17ᵀᴴ JUDICIAL DISTRICT |
| | § | |
| *Defendant,* | § | |
| v. | § | |
| | § | |
| THERESA WILLDEN and SHELLEY | § | |
| RENAE WILLDEN, | § | |
| | § | TARRANT COUNTY, TEXAS |
| *Third-Party Defendant.* | | |

## FINAL JUDGMENT

ON THIS DATE came on to be heard the above-entitled and numbered cause wherein
American Airlines Federal Credit Union ("AAFCU") is the Third-Party Plaintiff and Theresa
Willden and Shelley Renae Willden are Third-Party Defendants. The Court has previously
dismissed all claims by and between Plaintiff Frost Bank and AAFCU, thus making this judgment
a final judgment. AAFCU appeared by and through its attorney and announced ready for trial.
Third-Party Defendants Theresa Willden and Shelley Renae Willden, although having been duly
and legally cited to appear and answer, failed to appear and answer and wholly made default.

Citation was served on Third-Party Defendants Theresa Willden and Shelley Renae
Willden as required by law and was returned to the Clerk where it remained on file for the time
required by law prior to the signing of this judgment. The Court has read the pleadings and the
papers on file, including Third-Party Plaintiff's Motion for Default Judgment, and has heard and
considered the testimony and evidence offered by the AAFCU and finds that the allegations in
AAFCU's Third-Party Petition have been admitted by the Third-Party Defendants Theresa

FINAL JUDGMENT – Page 1





EXHIBIT

"A"



Willden and Shelley Renae Willden and that AAFCU's claim has been proved by good and sufficient evidence presented to the Court.

The Court finds that Third-Party Plaintiff AAFCU is entitled to judgment on its claims and that AAFCU has been damaged by Third-Party Defendants Theresa Willden and Shelley Renae Willden, jointly and severally, in the principal amount of $49,000.00.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Third-Party Plaintiff American Airlines Federal Credit Union shall have and recover of and from Third-Party Defendants Theresa Willden and Shelley Renae Willden, jointly and severally, damages in the sum of $49,000.00 and post-judgment interest at the rate of five percent (5%) per annum on the total amount of this judgment from and after the date of this judgment until fully paid and satisfied.

IT IS, FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk is authorized to issue a writ of execution to enforce this judgment. AAFCU is allowed all other writs and processes as may be necessary for the enforcement and collection of this Final Judgment.

All costs of Court are taxed against Third-Party Defendants Theresa Willden and Shelley Renae Willden. This is a Final Judgment and disposes of all claims remaining between the parties.

IT IS SO ORDERED.

SIGNED this 25ᵗʰ day of January, 2019.

JUDGE PRESIDING

A CERTIFIED COPY
ATTEST __1-30-19__
THOMAS A WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY __Natala Thigpen__
Natala Thigpen

**FINAL JUDGMENT** – Page 2

EXHIBIT "B"



**PAVECON, LTD.**
GENERAL ACCOUNT
P.O. BOX 535457
GRAND PRAIRIE, TX 75053-5457
PH. 972-263-3223

FROST NATIONAL BANK
HURST, TX 75054

151253

Pay: ******************************Nine hundred ninety-two dollars and 87 cents

| DATE | CHECK NO. | AMOUNT |
|------|-----------|--------|
| March 24, 2017 | 151253 | $********992.87 |

PAY
TO THE
ORDER
OF

Welders Warehouse
P.O. Box 565226
Dallas, TX 75356

AUTHORIZED SIGNATURE

)4999*

CheckAmt: 99287



ENDORSE HERE
X
DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE

AA CU AAX27D
(Euless, TX)
3001 HWY 121 Sto 296
76039
03/27/17-12:35:51
511
<<<<<211892904>>>>>
4694510448056922

CheckAmt: 99287



PAVECON, LTD.
GENERAL ACCOUNT
P.O. BOX 835457
GRAND PRAIRIE, TX 75063-5457
PH. 972-263-3222

FROST NATIONAL BANK
HURST, TX 76054

151432

Pay: ***************One thousand eight hundred thirty-two dollars and 54 cents

| DATE | CHECK NO. | AMOUNT |
|------|-----------|--------|
| March 29, 2017 | 151432 | $******1,832.54 |

PAY
TO THE
ORDER
OF

Weldon Parts
3825 Hyalifax
Dallas, TX 75247

AUTHORIZED SIGNATURE

4979

CheckAmt: 183254



ENDORSE HERE
X

FOR DEPOSIT ONLY

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE

AA CU AA8279
(Euless, TX)
3801 Hwy 121 Ste 296
76039
03/30/17-11:03:43
913
<<<<311192804>>>>>
4684510460056932

CheckAmt: 183254



PAVECON, LTD.
GENERAL ACCOUNT
P.O. BOX 656457
GRAND PRAIRIE, TX 75053-5457
PH. 972-263-3223

FROST NATIONAL BANK
HURST, TX 76054

151406

Pay: *************One thousand seven hundred twenty-eight dollars and 55 cents

| DATE | CHECK NO. | AMOUNT |
|---|---|---|
| March 29, 2017 | 151406 | $******1,728.55 |

PAY
TO THE
ORDER
OF

Shell Aviation Processing Ctr
P.O. Box 411722
Kansas City, MO  64141-1722

AUTHORIZED SIGNATURE

J4979*

CheckAmt: 172855

CheckAmt: 172855